**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,              )
                                       )
            v.                         )          Crim. A. No. 17-242
                                       )
AARON FRANKEL,                         )
                    Defendant.         )

## MEMORANDUM OPINION

CONTI, Senior District Judge

## I.    INTRODUCTION

Pending before the court is a motion for early termination of probation filed by defendant

Aaron Frankel ("Frankel" or "defendant") pursuant to 18 U.S.C. § 3564(c). (ECF Nos. 77 and

84.) The government filed a response to defendant's motion. (ECF No. 82.) Having been fully

briefed, Frankel's motion is ripe for disposition. For the reasons set forth in this memorandum

opinion, the court will deny the motion without prejudice.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 1, 2018, Frankel pleaded to count one of the indictment, i.e., attempt to

possess with intent to distribute 10 grams or more of a mixture and substance containing a

detectable amount of butyryl fentanyl, a Schedule I controlled substance, in violation of 21

U.S.C. § 846.

On August 6, 2019, the court sentenced Frankel to a term of probation of 4 years and

imposed conditions of the probation. (ECF No. 71.) On the same date, Frankel commenced the

4-year-term of probation. Frankel's term of probation will be completed on August 6, 2023, i.e.,

in approximately 7 months.

Frankel filed the pending motion seeking early termination of his term of probation, on

grounds that:

- he has been "100% complaint" with the conditions of his probation;

- he has made "incredible progress in his personal and professional life[;]"

- with respect to his personal life, he is maintaining his sobriety, following his treatment plans, working on tapering down his suboxone usage;

- with respect to his professional life as an actor, "he completed several acting classes, "completed several acting classes, mentors under prestigious acting coaches, is represented by two acting agencies, and has received several acting jobs in television commercials;

- he has missed out on several career opportunities that require travel because he must request permission to travel from his probation officer;

- he desires to relocate to California "where most of his career contacts and opportunities are located[;]"

- he "deeply regrets" his criminal conduct and is committed to leading a sober life and continuing mental health treatment post-probation.

(ECF No. 84.) He attached to the motion letters from his treatment providers, his parents, a friend, and himself. (ECF No. 84-1.)

According to Frankel, his probation officer recommended that he seek early termination of probation. The probation officer reported to the court that Frankel has been compliant with his conditions of probation, he has approved Frankel's requests to travel for work, and to the extent Frankel wants to relocate to California, he may request a transfer of his probation to the federal district in which he intends to relocate.

The government opposes Frankel's motion because:

- the court and the government have already provided leniency to Frankel;

- he has a long history of drug abuse;

- the serious nature of his crimes warrants continuation of the term of probation; and

- consideration of the factors set forth in 18 U.S.C. § 3553(a) warrants continued probation.

2

(ECF No. 82.)

Frankel's motion having been fully briefed is now ripe for disposition by the court.

**III.   LEGAL STANDARD**

A district court may grant a defendant early termination of a term of probation in certain circumstances, pursuant to 18 U.S.C. § 3564(c). Section 3564(c) provides:

> **(c) Early termination.**--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). As the court explained in United States v. Edwards, Crim. A. No. 19-250, 2022 WL 1028041, at*1 (E.D. Pa. Apr. 6, 2022), the Third Circuit Court of Appeals has not addressed the standards applicable to motion to terminate probation filed pursuant to § 3564(c). District courts within the Third Circuit are guided by the standards applied by the court of appeals to motions for early termination of supervised release filed pursuant to 18 U.S.C. § 3583(e).[1] Id. (citing United States v. Paterno, No. 99-037, 2002 WL 1065682, at *2 (D.N.J. Apr.

---

[1]   Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

30, 2002) (holding that "cases concerning early termination of supervised release are instructive" to the resolution of motions for early termination of probation").

As specified in § 3564(c) (and § 3583(e)(1)), the district court must consider the following factors to determine whether to grant early termination of probation:

– the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

– the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

– the sentencing range established by the Sentencing Commission, § 3553(a)(4);

– any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

– the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

– the need to provide restitution to any victims of the offense, § 3553(a)(7).

18 U.S.C. § 3553(a). District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. United States v. Melvin, 978 F.3d 49, 52-53 (3d Cir. 2020).

As set forth in § 3564(a) (early termination of probation) and § 3583(e) (early termination of supervised release), the court may grant early termination only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice. The Third Circuit Court of Appeals explained that in the context of a motion filed pursuant to § 3583(e)(1): "After considering…[the § 3553(a)] factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, No. 20-1158, 978 F.3d 49, 52-53 (3d Cir. 2020).

4

In the context of a motion for early termination of supervised release, the Third Circuit Court of Appeals clarified that the *general rule* is that early termination "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances **must** be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion…." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3564(c) to determine whether early termination of Frankel's term of supervised release is warranted by his conduct and in the interest of justice.

### A. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

As the court acknowledged at the time of sentencing, Frankel committed a very serious offense involving fentanyl, which is deadly and has devastating effects on the community. As

---

[2]     The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent.  Melvin, 978 F.3d at 51, 53.

detailed in Frankel's presentence investigation report, Frankel, among other things, ordered eight packages of fentanyl from a source in China over the course of approximately one year and distributed narcotics to at least one other person. (ECF No. 44 ¶¶ 11-15.)

With respect to Frankel's characteristics at the time of sentencing, the court recognized that Frankel did not have a criminal history and had serious drug addiction and mental health issues. At the time of sentencing, Frankel had already made considerable strides with respect to his mental health and sobriety.

Based upon the information presented to this court, Frankel has led a law-abiding life since his release from imprisonment, maintains his sobriety, and continues to make significant gains with respect to his mental health. His mental health treatment provider of seven years reported that he has made "remarkable" progress. (ECF No. 84-1 at 2.) According to Frankel, his sobriety has permitted him to actively pursue his acting career. He has received several acting jobs in television commercials and is represented by two acting agencies. Frankel travels for his job and intends to relocate to California for his career. Friends described Frankel as compassionate, kind, caring, and willing to help. (ECF No 84-1 at 5.) Frankel has the loving support of his parents; they have witnessed a "dramatic transformation" in Frankel. (ECF No. 84-1 at 6-9.) His father described Frankel as "increasingly independent and self-reliant." (Id. at 9.) Frankel continues to express remorse for his criminal conduct, gratitude for the opportunity to change his life, and a desire to continue to lead a law-abiding life. (ECF No. 84-1 at 10-12.) Frankel intends to continue treatment for his mental health and substance abuse issues post-probation. (Id. at 12.)

At the time Frankel was sentenced, the court recognized that he had made significant improvements with respect to his mental health (by receiving mental health treatment) and his sobriety. As described above, those successes permitted him to enjoy professional success. In

light of his history of drug abuse and his significant and very dangerous criminal conduct, however, this factor weighs slightly in favor of the court denying his motion.

>    **2.    *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

This court at sentencing granted Frankel a departure under the guidelines and a variance in consideration of the § 3553(a) factors. The court explained that Frankel's crime was the result of his serious drug addiction. The court—under those circumstances—determined a term of probation was warranted, among other things, to protect the public from further crimes of the defendant by encouraging Frankel's progress with respect to his mental health and sobriety. Frankel's continued success while under the term of probation is commendable. The court is mindful, however, that the sentence imposed must reflect the needs to deter criminal conduct *and* protect the public from any future crimes by Frankel. The need to protect the public from any future crimes by Frankel, even in light of his personal progress, is still a concern and the full four-year-term of probation is necessary to deter others from committing this kind of very serious crime. This factor weighs slightly in favor of the court denying Frankel's request.

>    **3.    *The sentencing range established by the Sentencing Commission, § 3553(a)(4)***

Pursuant to U.S.S.G. Chapter 5, based upon a total offense level of 19 and criminal history I, the sentencing guideline range for imprisonment was 30 months to 37 months, and the sentencing guideline range for a term of supervised release was 2 years to 5 years. As described above, this court granted Frankel a departure and variance, which resulted in his non-custodial term of probation of 4 years.

> **4.  Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).**

No pertinent policy statements were raised by the parties with respect to this matter that were not addressed and considered by the court at the time of sentencing.

> **5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).**

At this stage, there is no evidence that Frankel's term of probation should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

> **6.  The need to provide restitution to any victims of the offense, § 3553(a)(7).**

Criminal conduct involving fentanyl has deadly effects on the community. The law, however, does not provide restitution for any victims of the offense.

### B.  Whether early termination is warranted and in the interest of justice

Frankel argues that he has complied with the conditions of supervised release, e.g., he has not committed any crimes, is receiving mental health treatment, is sober while taking suboxone, and is actively pursuing his acting career. Compliance with the conditions of probation, including refraining from engaging in criminal conduct, not consuming  controlled substances, maintaining gainful employment, and participating in mental health treatment, however, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that probation is serving its deterrent and rehabilitative purposes and

8

continuation of it to full term will achieve its desired effects on the supervised individual and community. To the court's knowledge, the probation officer has approved each request by Frankel to travel to pursue his acting career. The probation officer will also be able to request the transfer of supervision to a federal district in California to the extent Frankel desires to relocate. Based upon the foregoing, Frankel's compliance with the conditions of his probation and desire to seek employment are not bases upon which to find that the premature termination of probation in this case is in the interest of justice.

Frankel's conduct and desire to better himself are commendable. The letters attached to his motion detail the significant and positive changes he has made in his life since encountering the federal criminal justice system at the beginning of this case. Frankel with the support of his loving parents, treatment providers, and probation officer should continue this path to leading a productive and law-abiding life. Considering the foregoing § 3553(a) analysis—especially the serious nature of Frankel's crime and the need to deter future criminal conduct—the interest of justice is best served by him completing his term of probation.

## IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 77) without prejudice. In the event Frankel's circumstances change, he may file another motion for early termination of probation.

An appropriate order follows.

BY THE COURT:

Dated: December 22, 2022                                **/s/ JOY FLOWERS CONTI**
                                                        Joy Flowers Conti
                                                        Senior United States District Judge